UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HENRY LEE NELSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:15-cv-00396-LJM-MJD ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**Entry Dismissing Case and Directing Entry of Final Judgment**

The Court has warned the plaintiff multiple times that his failure to participate in discovery with the defendant or to follow the Court's orders would result in the dismissal of this action. Not only has the plaintiff done neither, but he has repeatedly ignored the Court's orders altogether. For the reasons explained below, dismissal is the appropriate sanction for the plaintiff's conduct, and the defendant's motion to dismiss [dkt. 42] is thus **granted**.

**I.
Background**

The plaintiff is a federal inmate incarcerated at Federal Correctional Institution Hazelton ("FCI Hazelton"), but at all times relevant to his claim was incarcerated at United States Penitentiary Terre Haute ("USP Terre Haute"). The plaintiff alleges that he was assaulted by a correctional officer, Counselor Jenson, on September 5, 2013, and brought this action against him on November 24, 2015. After explaining to the plaintiff that claims brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), had a two-year statute of limitations, the plaintiff was permitted to file an amended complaint asserting a claim against the United States under the Federal Tort Claims Act for the alleged assault. The Court entered a pretrial schedule

on May 17, 2016, which set the discovery deadline for November 16, 2016, and the dispositive motions deadlines for December 16, 2016.

On June 28, 2016, the plaintiff filed a document that explained how he was complying with the disclosure requirements set out in the Court's pretrial schedule. Among other things, the plaintiff stated that the "only evidence" to prove his claim is the video of the incident, which he was unable to obtain through the administrative remedy process. Dkt. 29 at 1.

The defendant filed a motion to compel discovery on August 22, 2016. In its motion, the defendant detailed how it sent the plaintiff interrogatories and requests for production of documents on three separate dates: May 16, 2016; June 22, 2016; and July 11, 2016. On the latter two dates, the defendant sent the discovery requests to the plaintiff's updated location at FCI Hazelton, following the plaintiff's transfer to that facility. The plaintiff not only failed to respond to the discovery requests, but failed to respond to the correspondence at all.

The plaintiff also did not respond to the defendant's motion to compel. Instead, on September 20, 2016, the plaintiff filed a motion for counsel, in which he requests the assistance of counsel because he needs access to the video of the incident and he did "not believe the [Bureau of Prisons] would provide that evidence to [him]." Dkt. 33 at 1. The Court sent the plaintiff a motion for counsel form and informed him that he should renew his request on that form so the Court had the appropriate information when assessing his motion. The plaintiff renewed his motion, but the Court denied it because he failed to demonstrate that he had made "reasonable efforts to secure private counsel" as required by *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The plaintiff did not again request counsel.

The Court granted the defendant's unopposed motion to compel. The plaintiff was ordered to fully respond to the defendant's discovery requests by October 21, 2016. The Court warned the

plaintiff that the "[f]ailure to do so by [that] date could lead to the dismissal of th[e] action for failure to prosecute and failure to follow a Court order." Dkt. 36 at 1.

Three days before the deadline, on October 18, the plaintiff purportedly responded to the Court's order compelling discovery. However, his one-page submission is not a response to the Court's order. Instead, he states that the "only discovery is the video tape footage[] in the custody, care, [and] control of the defendant[]," and he asks the Court to order the defendant to produce the video. Dkt. 40 at 1 (capitalization altered). The Court ordered the defendant to treat the plaintiff's filing as a discovery request pursuant to Rule 34.

On October 31, 2016, the defendant filed the instant motion to dismiss for lack of prosecution. It argues that the plaintiff not only ignored its three attempts at conducting discovery, but ignored the Court's order compelling discovery, given that the plaintiff had still not responded to the defendant's outstanding discovery requests.

Instead of responding to the defendant's motion to dismiss, the plaintiff filed a motion styled as a motion for default on November 21, 2016. He argued that the defendant failed to comply with the Court's discovery order regarding the video of the incident and requested that the Court again ordered it to turn over the video of the incident. As explained by the defendant in response, however, the defendant had already mailed two DVDs of the video to the plaintiff, but the plaintiff had not yet received them when he filed his motion.

Given the defendant's response, the Court denied the plaintiff's motion on December 7, 2016. In that same Entry, the Court also stated the following:

> Pending before the Court is the defendant's motion to dismiss for failure to prosecute based on the fact that the plaintiff has failed to respond to the defendant's discovery requests as ordered by the Court in an order granting the defendant's motion to compel dated September 23, 2016. In that order, the Court ordered the plaintiff to fully respond to the defendant's discovery requests and warned that if he did not this action could be dismissed for failure to prosecute or to obey a court

> order. Based on the defendant's motion to dismiss, it appears that the plaintiff has not complied with the Court's order. Nor has the plaintiff responded to the defendant's motion to dismiss.
>
> The plaintiff will be given one final opportunity: he must respond to the defendant's pending motion to dismiss by no later than December 27, 2016. In his response he must explain the steps he has taken to respond to the defendant's discovery requests.

Dkt. 46 at 1-2.

Despite the Court's additional opportunity to respond to the defendant's motion—and explicit instructions telling him that he must explain how he has attempted to comply with the defendant's discovery requests—the plaintiff continued to follow the same ill-conceived course. On December 12, 2016, the Court received another motion from the plaintiff (which is dated December 8, 2016, and thus was likely sent before the plaintiff received the Court's final warning), stating that he never received the video as ordered by the Court. Setting aside the fact that the plaintiff had still not yet responded to any of the Court's orders even though it was clear he was receiving them, this motion was conceivably reasonable; after all, the defendant responded with evidence that while FCI Hazelton had received the videos, the plaintiff's counselor was unable to schedule the plaintiff to view them until December 15, 2016.

Five days after the plaintiff viewed the video, however, he sent yet another motion regarding the video evidence. The Court received this motion on December 27, 2016. In his motion, he contends that the videos he received were the "wrong tapes" because they were video of him after the assault occurred, and asks the Court to order the defendant to submit the actual video of the assault for the Court to review. The defendants responded to the plaintiff's motion with evidence that the two videos—which depict "after action medical care rendered to [the plaintiff], and staff's taped statements regarding the incident"—are the only videos in its

possession related to the alleged assault. Dkt. 50 at 1. The defendant states explicitly that "[n]o footage exists of the actual incident." *Id.*

While the foregoing dialogue regarding the plaintiff's discovery request has been ongoing, the plaintiff has simply ignored the defendant's discovery requests and multiple Court orders. The final deadline—December 27, 2016—for the plaintiff to respond to the defendant's motion to dismiss and to "explain the steps he has taken to respond to the defendant's discovery requests," dkt. 46 at 2, has long passed without any action or even acknowledgement by the plaintiff. This leaves the defendant's motion to dismiss unopposed and multiple Court orders ignored.

## II.
## Legal Standard

A district court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Whether dismissal is an appropriate sanction for a plaintiff's failure to prosecute "depends on all the circumstances of the case." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Dismissal is generally appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Id.*

# III.
# Discussion

The defendant's motion to dismiss for failure to prosecute is unopposed. Despite the Court's direct order for the plaintiff to respond to it, the plaintiff's only submissions concern his desire to complete his own discovery. Nevertheless, the Court will assess the relevant factors for determining whether dismissal is appropriate. *See Pendell*, 799 F.3d at 917.

First, the plaintiff has a clear and continuous pattern of ignoring the Court's orders. After failing to respond to the defendant's discovery requests, the Court granted the defendant's motion to compel and ordered the plaintiff to respond to the discovery requests. The Court warned him that failure to do so could lead to the dismissal of the action. Yet the plaintiff ignored the Court's order. The defendant then filed the instant motion to dismiss. The plaintiff failed to respond to it beyond continually asking for the discovery he wanted, which, notably, the defendant provided to the extent the evidence existed. Instead of granting the motion to dismiss as unopposed, and despite a previous warning that the plaintiff's failure to participate in discovery could lead to dismissal, the Court gave the plaintiff another opportunity to engage in this litigation in good faith. The plaintiff was ordered to respond to the motion to dismiss and explain to the Court what steps he had taken to respond to the defendant's discovery requests. He was warned that this was his last chance and, again, informed that the failure to comply with the Court's orders would lead to dismissal.

Despite multiple warnings, the plaintiff has failed to respond to the defendant's discovery requests or the Court's orders. The plaintiff's failure to do so is entirely his own responsibility, as he is proceeding *pro se*. Moreover, the plaintiff's filings show that he is receiving the Court's orders and has the ability to understand them and respond. For reasons unknown, he has simply chosen not to.

Second, the defendant is prejudiced by the plaintiff's wholesale failure to engage in discovery. The defendant cannot and should not be expected to defend against the plaintiff's claim without the ability to conduct any discovery, and, as noted below, there is no reason to think that any lesser sanction will lead the plaintiff to acknowledge the Court's authority and his obligation to engage in discovery in good faith. The defendant has done so, while the plaintiff has not.

Third, the Court must consider the possible efficacy of lesser sanctions. Undoubtedly, the Court could impose lesser sanctions on the plaintiff, but it does not appear that this would have any impact. Among other reasons, this is because the plaintiff has consistently failed to acknowledge the Court's orders or the defendant's discovery requests at all. This is not, for example, a case where the plaintiff has engaged in discovery to a limited or unsatisfactory extent where lesser sanctions might persuade the plaintiff to fully engage in discovery. Here, the plaintiff simply will not respond. This factor therefore weighs in favor of dismissal.

Fourth and finally, the Court must consider any demonstrated merit to the suit. Without the benefit of any discovery, this factor cannot be assessed with any certainty. However, the plaintiff has continually stated that the "only evidence" to support his claim is the video of the incident—a video that, according to the defendant, does not exist. Conceivably, the plaintiff could submit an affidavit stating, much like his complaint, that he was assaulted for no reason. But the Court would not consider such evidence unless the defendant had a fair opportunity to obtain discovery from the plaintiff, which, as detailed herein, cannot occur if the plaintiff simply refuses to participate. Given this, it is unlikely that the plaintiff has any significant likelihood of success on his claim.

The foregoing factors show that dismissal is the appropriate sanction for the plaintiff's clear pattern of "contumacious conduct." *Salata*, 757 F.3d at 699. The plaintiff has shown that he

intends participate in this litigation only on his own terms. But he, nor any other litigant, may do so. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court . . . .").

In sum, the Seventh Circuit has made clear that, after considering the relevant factors, "a court may dismiss a suit [when] the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). This is precisely what has occurred here. The plaintiff has refused to engage in discovery or comply with the Court's orders, and he has twice been warned that his failure to do so would lead to dismissal. These circumstances should lead to the dismissal of the plaintiff's claims pursuant to Rule 41. *See Salata*, 757 F.3d at 699-700 (affirming the dismissal of the case under Rule 41 where the defendant failed to respond to the defendant's discovery requests, the district court granted the defendant's motion to compel, but the deadline "came and went and [the plaintiff] failed to produce the outstanding discovery").

Accordingly, the defendant's motion to dismiss [dkt. 42] is **granted**. The action is **dismissed with prejudice** pursuant to Rule 41(b). The plaintiff's pending motions, both of which are discovery motions regarding the video of the incident, [dkts. 47, 49] are **denied as moot**.

Final judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**


Date: 1/23/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HENRY LEE NELSON
90528-071
FCI HAZELTON
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
BRUCETON MILLS, WV 26525

Electronically Registered Counsel